DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, John Blansett, appeals from the order of the Lorain County Court of Common Pleas confirming his termination by the Ohio Department of Rehabilitation and Correction/Grafton Correctional Institution. We reverse and remand to the trial court.
Appellant was terminated from his position at Grafton Correctional Institution on February 3, 1997, for providing false information regarding his educational background. On February 10, 1997, Appellant filed an appeal with the State Personnel Board of Review (hereafter "the Board"). Following a hearing, the Administrative Law Judge acknowledged that Appellant had engaged in behavior for which he could lawfully be terminated, but instead recommended that Appellant be suspended for six months in light of the disciplinary actions taken with regard to another individual who had engaged in similar behavior. On February 12, 1998, the Board adopted the Administrative Law Judge's findings of fact, but rejected the conclusions of law and recommendations for disciplinary action. The Board affirmed Appellant's termination on the basis that the employees involved were not "similarly situated" and held that the disparate treatment analysis was inapplicable to the facts of this case. On February 26, 1998, Appellant appealed to the Lorain County Court of Common Pleas. The court affirmed the Board's decision and found that the decision of the Board was supported by "reliable, probative, and substantial evidence" and was in accordance with the law. Appellant timely appealed and has raised five assignments of error for review.
 ASSIGNMENT OF ERROR I
The lower court erred in holding the Board's decision was supported by reliable, probative, and substantial evidence, and in further finding it not contrary to law as [Appellee] failed to follow the law by not allowing the appointing authority to decide and impose discipline, and by not considering mitigating and relevant circumstances and in so doing, Appellee further violated [Appellant's] due process rights.
Pursuant to R.C. 119.12, when an employee has been removed, the employee may appeal his or her removal to the State Personnel Board of Review. The decision of the Board may be further appealed to the appropriate court of common pleas. Id. The court of common pleas, in reviewing the decision of the State Personnel Board may, "affirm the order of the agency * * * if it finds * * * that the order is supported by reliable, probative, and substantial evidence and is in accordance with the law." See Id.
Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for that of the Board, but instead must affirm the trial court's judgment. LorainCity Bd. of Edn. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257,260-61.
In his first assignment of error, Appellant has argued that he was denied due process when his discipline was determined by an unauthorized source in violation of R.C. 124.34. To support his argument Appellant has alleged that the Ohio Department of Rehabilitation and Corrections (hereafter "ODRC") usurped the authority given to the prison warden to mete out discipline and to consider mitigating circumstances when it issued a directive that all employees found to have falsified their educational credentials were to be terminated. Appellant has claimed that this directive took disciplinary authority and discretion away from the prison wardens. We disagree.
Assuming, without deciding, that the warden of the prison is the appointing authority, the termination of Appellant was completed by the proper party. The warden at Grafton, Carl Anderson, testified that after determining that the allegations against Appellant were substantiated and supported by fact, he personally signed and hand delivered the termination notice to Appellant. While it is conceded that the warden's actions in terminating Appellant were guided by the directives he received from the ODRC, there is no regulation prohibiting a central agency from taking steps to insure consistency between the various arms of the organization. Therefore, the warden's decision to terminate Appellant did not violate the mandates of R.C. 124.34.
Appellant has also argued that the appointing authority was prohibited from considering mitigating circumstances due to the influence of the ODRC and its directive. This argument is without merit. It is shown in the record that mitigating factors were presented to the warden and considered at all stages in the proceedings. Appellant was given ample opportunity to explain his actions and his statements. Therefore, although the directive set forth what actions were to be taken in the case where it was determined that an individual had falsified his or her academic credentials, this directive did not prohibit a thorough investigation into all of the circumstances surrounding the alleged falsification.
Appellant's first assignment of error is without merit and overruled.
 ASSIGNMENT OF ERROR II
The lower court erred in holding the Board's decision was supported by reliable, probative, and substantial evidence, and in further finding it not contrary to law as [Appellee] patently engaged in disparate treatment.
Ohio Adm. Code 234: 9-11 provides, in part:
 (A) The Board may hear evidence of disparate treatment between the appellant and other employees of the appointing authority for the purpose of determining whether work rules or administrative policies are being selectively applied by the appointing authority or to determine whether the discipline of similarly situated employees is uniform. Requests for discovery under this rule shall be limited to information relating to specific incidents or persons known to the employee or his representative.
 (B) Evidence of disparate treatment will be considered in evaluating the appropriateness of the discipline which was imposed.
 Disparate treatment is only relevant when comparing the disciplinary actions taken with respect to similarly situated employees. Turner v. Madison Correctional Institute (Aug. 19, 1992), Clark App. No. 2863, unreported, 1992 Ohio App. LEXIS 4426, at *12. In order to compare the parties, the employees must be similarly situated in both the actions that led to the disciplinary action and in their respective employment positions. Id.
Appellant has alleged that a similarly situated employee was subjected to absolutely no disciplinary action after engaging in behavior identical to that which led to his termination. Appellee has argued that due to the fact that the employees held different titles within the organization, they were not similarly situated and thus Ohio Adm. Code 124: 9-11 is inapplicable.
Individuals who perform the same job functions are similarly situated even though they are on different levels of the organizational chart. Pysher v. Ohio Bureau of Emp. Serv. (Mar. 10, 1999), Fairfield App. No. 98-CA-0054, unreported, 1999 Ohio App. LEXIS 1480 at *6. In this case, the Administrative Law Judge determined in her report that the employees were similarly situated in both their respective employment positions and in the actions necessitating disciplinary proceedings. This finding was supported by evidence that the two maintained similar job responsibilities but supervised different groups of people within the correctional facility. Thus, as the parties were similarly situated, any disciplinary action between the parties should have been consistently and judicially meted out. See Id.; See, generally, Ohio Adm. Code 124: 9-11.
The evidence presented to the Administrative Law Judge and reviewed by the Board met the definition of "similarly situated" as set forth in law. Because the evidence supported a finding that the employees were similarly situated, the Board erred when it did not apply the proper definition of that term and determined that the parties were not similarly situated. Therefore, the trial court abused its discretion in finding the Board's decision to be supported by reliable, probative, and substantial evidence and in accordance with the law.
Appellant's second assignment of error is sustained.
 ASSIGNMENT OF ERROR III
The lower court erred in holding the Board's decision was supported by reliable, probative, and substantial evidence, and in further finding it not contrary to law as [Appellee] failed to impose the discipline authorized by the Employee Code of Conduct.
Appellant has argued that Appellee failed to impose punishment as set forth in the Employee Code of Conduct. However, neither party has supplied the court with this document. When evidence necessary for review of an assigned error is omitted from the record, this court has nothing to pass upon and must presume the validity of the court's action. App.R. 9; See, also, Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199. Therefore, Appellant's third assignment of error is overruled.
 ASSIGNMENT OF ERROR IV
The lower court erred in finding the Board's decision was supported by reliable, probative, and substantial evidence as the decision is contrary to law and against the manifest weight of the evidence, and the lower court further abused its discretion as the Board and lower court failed to defer to the finder of fact.
 ASSIGNMENT OF ERROR V
The lower court erred in holding the Board's decision was supported by reliable, probative, and substantial evidence, and in further finding it not contrary to law. And [sic] the lower court's decision is further against the manifest weight of the evidence and constitutes an abuse of discretion.
Pursuant to App.R. 12(A)(1)(c), this court's disposition of the second assignment of error renders the Appellant's fourth and fifth assignments of error moot and accordingly, they will not be addressed.
Appellant's first and third assignments of error are overruled, and his second assignment of error is sustained. The judgment of the trial court is reversed and the cause is remanded to the trial court for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ________________ LYNN C. SLABY
FOR THE COURT BAIRD, P.J.
WHITMORE, J. CONCUR